IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

TIMOTHY JONES,

   Plaintiff,

v.

PLOW & HEARTH CORPORATION,
d/b/a Plow & Hearth and
Wind and Weather,
a Virginia Corporation.

   Defendant.

Case No.:

**JURY TRIAL REQUESTED**

Timothy Jones
PO Box 141
Dexter, MI 48130
(734) 546 4517
trjones21@gmail.com
Plaintiff Pro Per

## COMPLAINT

Plaintiff, Timothy Jones, alleges against defendant, Plow & Hearth, as follows:

## THE PARTIES

1.    Plaintiff Timothy Jones is a Michigan resident.

2.    Defendant Plow and Hearth is a Virginia corporation, having offices at 7021 Wolftown Hood Road, Madison, VA.

## JURISDICTION

3.    This action arises under the Patent Laws of the United States and the court has subject matter jurisdiction under 28 USC §1331 and §1338(a). This Court has personal jurisdiction over defendant because it committed acts of infringement in violation of 35 USC §271, has placed infringing products into the stream of commerce, through

established channels of distribution, with knowledge and understanding that infringing products are used and sold in this district. Venue is proper under 28 USC §1400 and 28 USC §1391.

4. Jurisdiction is proper in this court because this action involves violations of the Lanham Act, 15 USC §1125(a) and Section 43. Court venue is proper under 28 USC §1391(b).

5. A claim under state law is alleged and pedant to Plaintiff's federal claims. The claim alleges violations of the Michigan Consumer Protection Act, MCL §445.901 et seq., and amenable to the jurisdiction of this Court under Michigan's long arm statute MCL §600.705.

6. That, upon information and belief, Plaintiffs intellectual property was stolen from within the district, and that defendant's infringement arises out of defendant's contact and transactions with a supplier or manufacturer within the district.

7. That defendant is and will be indemnified and held harmless by virtue of an agreement or contract with a supplier, manufacturer or other nonparty located within the district.

## BACKGROUND

8. Plaintiff Jones was issued United States Patent Number 6893138, titled "Illuminated Windmill for Virtual Color Generation" and has owned the patent for all times relevant.

9. That Plaintiff's patent describes a windmill device that produces colorful spinning lights using LED's (light emitting diodes) and wind energy.

10. That defendant is a company that sells ornamental yard and garden accessories under the names of Plow & Hearth and Wind & Weather.

11. That defendant sells a product listed as "LED Garden Windmill With Decorative Metal Scrollwork Base" that is at issue in this lawsuit.

## COUNT I

### Patent Infringement

12. Plaintiff incorporates and re-alleges every allegation contained in paragraphs 1 through 11.

13. That Plaintiff is the owner of US Patent Number 6893138, which is attached as Exhibit A.

14. That defendant's infringement of Plaintiff's patent has caused Plaintiff to sustain monetary damages, injury and damage to the licenseability of the patent, loss of royalties and lost sales, in an amount to be determined at trial.

15. That defendant had notice of Plaintiffs patent rights via Plaintiff's marking, in accordance with federal statute, of all products with Plaintiff's patent number, making defendant's infringement knowingly, willfully and in bad faith so as to justify treble damages and reasonable attorney' fees against defendant.

16. The defendant has infringed and is still infringing Plaintiff's 6893138 Patent by the sale and distribution of its infringing product, which embodies the patented invention, and the defendant will continue to do so unless enjoined by this court.

17. That defendant's infringement of Plaintiff's patent has caused irreparable damage, loss and injury to Plaintiff such that Plaintiff has no adequate remedy at law.

18. That Plaintiff will continue to suffer irreparable damage, loss and injury

unless defendant is enjoined by this Court.

## COUNT II

Violation of the Lanham Act

19. Plaintiff incorporates and re-alleges every allegation contained in paragraphs 1 through 18.

20. That Plaintiff's Whirlydoodle is inherently distinctive and recognizable.

21. That defendant's infringing product performs poorly due to defective design or manufacturing, thus defaming and damaging Plaintiff's product and the ability to license the patent.

22. Defendant's use of Plaintiff's trade dress in connection with the sale of the infringing product constitutes infringement of the trade dress and unfair competition, in violation of the Lanham Act, 15 USC § 1125, on the grounds that such use is likely to cause confusion, mistake and deception as to the origin of the good sold by defendant.

23. That defendant's sale of infringing goods is likely to mislead consumers and potential customers into believing that defendant's infringing goods are affiliated with, or are sponsored, authorized, approved, designed or sanctioned by Plaintiff, or alternatively, that Plaintiff's Whirlydoodle is affiliated with, or are sponsored, authorized, approved, designed or sanctioned by defendant.

24. That defendant's use of Plaintiff's trade dress in connection with the sale of infringing product constitutes false representation and false designation of origin, in violation of the Lanham Act, 15 USC § 1125, on the grounds that such use tends to describe or represent that the infringing goods sold by defendant

originate from, are somehow affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff's device originated from, are somehow affiliated with, or are sponsored, authorized, approved or sanctioned by defendant.

25. Defendant's infringement of Plaintiff's distinctive trade dress has caused Plaintiff to sustain monetary damage, inability to license the patent, lost sales and injury in an amount to be determined at trial.

26. That defendant has engaged, and will continue to engage, in that acts described above knowingly, willfully and in bad faith, so as to justify the assessment of treble damages against it at trial in an amount to be determined at trial, along with reasonable attorneys' fees and costs.

27. Defendant's infringement of Plaintiff's patent and sale of poor quality products has caused irreparable damage, loss and injury to Plaintiff such that Plaintiff has no adequate remedy at law unless enjoined but the Court.

## COUNT III

Violation of the Michigan Consumer Protection Act

28. Plaintiff incorporates and re-alleges every allegation contained in paragraphs 1 through 27.

29. That defendant's sale of the infringing product represents unfair, unconscionable, or deceptive acts or practices in conduct of trade or commerce, in violation of the Michigan Consumer Protection Act, MCL§ 445.901 et seq.

30. That Defendant's sale of the infringing product is causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or

certification of goods or services.

31.    That Plaintiff requests a declaratory judgment that defendant's methods, acts and practices are unlawful under Section 3 of the Act.

32.    That Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees, under MCL § 445.911 Sec. 11(2).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jones respectfully requests the following relief:

a.)    Determination that Plaintiff's Patent and trade dress rights are valid and enforceable against Defendants;

b.)    That defendant's manufacture, importation, use, sale and offer of sale its "LED Garden Windmill With Decorative Metal Scrollwork Base" infringes upon Plaintiff's Patent.

c.)    That defendant's LED Garden Windmill With Decorative Metal Scrollwork Base infringe Plaintiff's trade dress rights in violation of the Lanham Act;

d.)    A monetary award compensating Plaintiff for his loss, damage, and injury, and such other and further relief as this Court deems proper and just, in an amount to be determined at trial;

e.)    A determination that defendant has infringed upon Plaintiff's intellectual property and patent rights knowingly, willfully and in bad faith so as to justify the assessment of treble damages as an exceptional case, in an amount to be determined at trial, along with reasonable attorneys' fess and costs in this action.

f.)    An order requiring Defendants to deliver up and destroy all product and packaging in inventory this is violatiave of Plaintiff's intellectual property rights.

## DEMAND OF JURY TRIAL

Plaintiff respectfully requests a jury trial.

                                        Respectfully submitted,

                          Signed: Timothy Jones,
                                 Plaintiff Pro Per

                                 Timothy Jones
                                 PO Box 141
                                 Dexter, MI 48130
                                 (734) 546 4517
                                 trjones21@gmail.com
                                 Plaintiff Pro Per

Dated:  August 12, 2014