## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Timothy Jones,

|                    | Plaintiff, | Case No. 14-cv-13129 |
|                    |            | Hon. Judith E. Levy  |
| v.                 |            | Mag. Judge Paul J. Komives |

Plow & Hearth Corporation,

                              Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S MICHIGAN CONSUMER PROTECTION ACT CLAIM [5] AND MOTION TO TRANSFER VENUE [7]

This is a patent case. Defendant Plow & Hearth Corporation seeks to have the Court transfer venue in the matter to the Western District of Virginia. If the Court does not do so, defendant also seeks dismissal of plaintiff's Michigan Consumer Protection Act ("MCPA") claim. Pursuant to Local R. 7.1(f)(2), the Court will decide this motion without oral argument.[1]

_____

[1] Defendant contends in its reply that plaintiff should not be allowed to present arguments to the Court if oral argument were held, because plaintiff's response was untimely filed. (Dkt. 15 at 2-3.) Plaintiff,

I.    Background

Plaintiff, an inventor and attorney, is the holder of U.S. Patent No. 6,893,138, entitled "Illuminated Windmill for Virtual Color Generation."  The patent covers a windmill that uses light emitting diodes (LEDs) powered by wind energy.  Defendant, as a part of its business selling ornamental yard and garden accessories, is alleged to sell a product listed as an "LED Garden Windmill With Decorative Metal Scrollwork Base."

Plaintiff filed suit on August 14, 2014 in this district, claiming patent infringement, violation of the Lanham Act, and violation of the MCPA by defendant.  On September 11, 2014, defendant filed both of the instant motions.  (Dkts. 5 and 7.)

II.    Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to

---

however, filed a motion for an extension of time on October 21, 2014, which asked the Court to excuse the untimely filing.  (Dkt. 16.)  The Court granted the motion on October 22, 2014.  Accordingly, the Court will treat plaintiff's response as timely filed, irrespective of its decision on whether to hold oral argument.

the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir.2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

   III.   Analysis

   A. Motion to Transfer Venue

   Defendant seeks to change venue to the Western District of Virginia, where it is located. Motions to transfer venue arise under 28 U.S.C. § 1404(a), which states that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

   "Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing . . . . A transfer is

not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002) (internal citations omitted).

In determining whether to grant a motion to transfer venue, the Court considers the following factors: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining unwilling witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *Id.* (further citations omitted).

Defendant's argument consists almost entirely of the fact that it is based in the Western District of Virginia, and any of its employees who would be witnesses in this matter are located there. Defendant provides no compelling evidence that litigating in the Eastern District of Michigan would result in any significant inconvenience to it that would overcome the Court's general deference to plaintiff's choice of venue.

4

A transfer of venue would simply shift whatever inconvenience exists for defendant onto plaintiff. Regardless of where this proceeds, plaintiff will likely have to travel to Virginia to conduct depositions, interviews, and non-electronic discovery. A transfer would simply require plaintiff to make an increased number of trips to Virginia for court proceedings, while defendant may have its Michigan counsel appear at proceedings in this Court.

The Court determines that it is not in the interests of justice to transfer this case, and will decline to do so.

B. Motion to Dismiss the MCPA Claim

Count III of plaintiff's complaint alleges violation of the Michigan Consumer Protection Act ("MCPA"). M.C.L. § 445.901 *et seq.* Specifically, plaintiff alleges a violation of § 445.903(1)(a), which deems as unfair, unconscionable, or deceptive any method, act, or practice that "caus[es] a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." (*See* Dkt. 1 at ¶¶ 29-30.) The MCPA applies only to "goods, property, or service[s] [used] primarily for personal, family, or household purposes." M.C.L. § 445.902(g).

5

Defendant argues that plaintiff fails to allege a plausible claim under the MCPA for two reasons. First, defendant argues, plaintiff failed to state that defendant's windmills were goods used primarily for personal, family, or household purposes. Second, defendant contends that the MCPA count consists only of the language of the relevant section of the statute without further factual allegations giving rise to a cause of action.

Reading plaintiff's complaint in the light most favorable to him, the Court finds that he has successfully pled a plausible claim for relief. Plaintiff attempts to rely on evidence not contained in his complaint in his response, which the Court will disregard. Instead, the Court will rely on paragraphs 10 and 11 of plaintiff's complaint. Plaintiff alleges that "defendant is a company that sells ornamental yard and garden accessories[.]" (Dkt. 1 at ¶ 10.) Plaintiff then alleges that the product is an "LED Garden Windmill With Decorative Metal Scrollwork Base." (Id. at ¶ 11.)

Defendant cites no case where a court has dismissed an MCPA claim for failure to allege that a product is used primarily for personal, family, or household purposes, and the Court can find none. Instead,

6

courts that have dismissed MCPA claims on purpose grounds have generally done so when the plaintiff alleges a purpose for the products that is clearly outside of the scope of the MCPA. *See, e.g., German Free State of Bavaria v. Toyobo Co., Ltd.*, 480 F.Supp.2d 958, 968-69 (W.D. Mich. 2007) (granting motion to dismiss where a police department purchased bulletproof vests for department use, but argued the vests were for the "personal" use of the officers).

Based on plaintiff's description of the product in question and the defendant as seller of the product, the Court finds that plaintiff has presented sufficient factual assertions to make a plausible claim that these goods were used primarily for personal, family, or household purposes.

Defendant's second argument consists of a single paragraph in its motion in which it argues that plaintiff failed to assert facts giving rise to the MCPA cause of action. However, plaintiff has alleged that defendant is selling a product that substantially infringes on his patent. The portions of the complaint that defendant cites allege that the sale of the infringing product causes a probability of confusion or misunderstanding in the marketplace in violation of M.C.L. §

7

445.903(1)(a). It is unclear from defendant's motion what other facts it believes plaintiff should have asserted. That a complaint is sparse in detail is not fatal to its survival at the motion to dismiss stage, as long as its contents are sufficient to state a plausible claim for relief.

Accordingly, the Court denies the motion to dismiss plaintiff's MCPA claim.

IV.  Conclusion

For the reasons stated above, it is hereby ordered that:

Defendant's motion to transfer venue (Dkt. 7) is DENIED; and

Defendant's motion to dismiss plaintiff's MCPA claim is DENIED.

IT IS SO ORDERED.

Dated: November 13, 2014                    s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2014.

8

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager